IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD DALE MEYERS**                                                                               **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 1:22-cv-00330-TBM-RPM

**HARRISON COUNTY, MISSISSIPPI,** *et al*.                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Richard Dale Meyers is an inmate currently incarcerated at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. [1], p. 2. He filed this Complaint under 42 U.S.C. § 1983, naming "Harrison County Adult Center" as Defendant. [1], p. 2. Meyers later replaced "Harrison County Adult Center" with Harrison County, Mississippi, as Defendant and added Officer Unknown Hawthorn as Defendant. [12], p. 1. Meyers is proceeding *in forma pauperis*. [9], pp. 1-3. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed with prejudice for failure to state a claim.

**I.    BACKGROUND**

Meyers claims that he has been denied the right to practice his religion under the First Amendment on three occasions at HCADC. [1], p. 4; [11], p. 1. First, Officer Hawthorn allegedly kept Meyers from attending Bible study on December 1, 2022. [1], p. 4. Meyers avers that he was "compliant in every way," so "ther[e] was no reason for [Officer Hawthorn] to den[y]" him the right to attend Bible study. [1], p. 4. When asked why he was not allowed to attend Bible study on that day, Meyers claimed that Officer Hawthorn told him that Officer Hawthorn "ha[d] no time for that." [14], p. 1.

1

Later, Meyers avers that he was not allowed to attend Bible study on January 19, 2023, or January 26, 2023. [11], p. 1. The January 19 incident was caused by Deputy Johnson, who is not a named Defendant, and the January 26 incident was caused by "a new dep[uty] of unknown name." [14], p. 1. On January 19, Meyers claims that Deputy Johnson refused to let him attend Bible study for unknown reasons. [14], p. 1. On January 26, the unknown deputy "did not know to let [inmates] out" for Bible study. [14], p. 1.

Meyers admits that he has attended Bible study "every Thursday" since February 21, 2022, except the three times he was denied. [11], p. 1. For relief, Meyers asks the Court to award an unspecified measure of monetary damages. [1], p. 5.

## II.   DISCUSSION

Because Meyers is proceeding *in forma pauperis* [9], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). "A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *3 (N.D. Tex. Sept. 30, 2005).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). So long as the plaintiff "has already

2

pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Having conducted the required screening, giving Meyers two opportunities [10] [13] to clarify his allegations, the Court finds that Meyers has failed to state a claim on which relief may be granted, and this case must be dismissed with prejudice.

### A. Claims Against Harrison County, Mississippi

"Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009)). To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Meyers has failed to allege sufficient facts to maintain this action against Harrison County. When asked to identify "which policies, practice, or customs, including dates, establish that

Harrison County violated [his] constitutional rights,'" [10], p. 2, Meyers replied by reiterating that he was denied the right to attend Bible study on three days over the course of a year, [11], p. 1. Specifically, he complains that he was denied the right to attend Bible study on three occasions "for no re[a]son." [11], p. 1. At no point does Meyers allege that Harrison County has an official policy or well-settled custom of denying inmates the right to practice their preferred religion. His allegations merely represent what he says happened to him three separate times over a year. And he concedes he has been allowed to attend Bible study on numerous other occasions. *See* [11], p. 1.

That is, Meyers has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violation. *See Ducksworth*, 2015 WL 737574, at *2. His pleadings fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id*. (quotations and alterations omitted). For example, the United States District Court for the Southern District of New York once dismissed claims arising under the Free Exercise Clause against Westchester County for a plaintiff's failure to make the requisite showing of municipal liability. *Ackridge v. Aramark Correctional Food Servs.*, No. 16-cv-6301-KMK, 2018 WL 1626175, at *12-13 (S.D.N.Y. Mar. 30, 2018). Though plaintiff was denied kosher food for eighteen days, he "neither cite[d] nor describe[d] any official municipal policy or practice, nor [did] he allege that any individual had official policymaking authority and took action pursuant to that authority." *Id*. Meyers' Complaint suffers the same deficiency, and his § 1983 claims against Harrison County must be dismissed for failure to state a claim.

### B. Claims Against Officer Hawthorn

It is well-settled that "convicted prisoners do not forfeit all constitutional protections by

4

reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L.E.2d 447 (1979). Prisoners retain certain protections afforded by the First Amendment, including that prison officials cannot unjustifiably limit a prisoner's free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L.E.2d 263 (1972) (per curiam). "But not every limitation placed on an inmate's exercise of religion violates the First Amendment. An isolated incident or *de minimis* limitation that temporarily inhibits a prisoner's exercise of religion is not of constitutional dimension." *Pagonis v. Raines*, No. 4:17-cv-01-DC-DF, 2018 WL 9240919, at *3 (W.D. Tex. Aug. 10, 2018), *report and recommendation adopted by* 2018 WL 9240916, at *2 (W.D. Tex. Sept. 10, 2018) (citing *Walsh v. La. High School Athletic Ass'n*, 616 F.2d 152, 158 (5th Cir. 1980)).

Meyers claims that Officer Hawthorn denied him the right to attend Bible study on one occasion over the course of more than a year. [11], p. 1; [14], p. 1. "[T]his one-time, isolated incident falls within the *de minimis* burden category of cases, and does not rise to the level of a constitutional violation." *See Pagonis*, 2018 WL 9240919, at *3 (dismissing the plaintiff's First Amendment claim that "on one occasion he was precluded from participating in a non-denominational walk" sponsored by a Catholic charity); *see also Thompson v. Quarterman*, No. V-01-01, 2007 WL 2900564, at *2 (S.D. Tex. Sept. 30, 2007) ("An isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion."); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (confirming that "missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion"). Meyers has failed to state a cognizable constitutional claim against Officer Hawthorn, and the claim against him must be dismissed.

### C. The PLRA's Physical-Injury Requirement

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Meyers seeks an unspecified measure of "reporation" [*sic*] based on the alleged First Amendment violation, but he fails to specify the injuries for which he seeks relief. [1], p. 4.

To the extent he seeks compensation for a mental or emotional injury, Section 1997e(e) bars his claim. Likewise, Meyers has failed to allege that he suffered a physical injury because of the constitutional violations alleged in his Complaint, nor has he made a prior showing of any such injury. Any request for compensatory damages must be dismissed. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation."); *accord Ashley v. Oliver*, No. 9:10-cv-133, 2011 WL 4753477, at *3 (E.D. Tex. Oct. 6, 2011) ("Since the Plaintiff did not sustain a physical injury, he is also barred by the PLRA from seeking compensatory damages for emotional injuries under . . . the Free Exercise Clause."); *but see Stauffer v. Gearhart*, 741 F.3d 574, 583 n.7 (5th Cir. 2014) (clarifying that a plaintiff can "recover nominal and punitive damages without a showing of physical injury").

### III. CONCLUSION

Having considered the entire record and applicable law, the Court concludes that Plaintiff Richard Dale Meyers has failed to state a constitutionally cognizable claim against Defendants Harrison County, Mississippi, and Officer Unknown Hawthorn.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Meyers is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 3rd day of May, 2023.**

                                                **TAYLOR B. McNEEL**
                                                **UNITED STATES DISTRICT JUDGE**